### W. PASCHAL *v.* THE STATE.

INFORMATION was filed on a defective affidavit, and subsequently a new and sufficient affidavit was filed. Being found guilty, the defendant moved in arrest of judgment because the information was not based on a sufficient affidavit. *Held*, that the defect in the original affidavit could not be obviated by filing a new one after the presentment of the information. A new information should also have been filed.

APPEAL from the County Court of Hill. Tried below before the Hon. J. S. BLANTON, County Judge.

*Jones & Pendleton*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, and *S. C. Upshaw*, for the State.

WHITE, P. J. The first affidavit or complaint, filed the 7th of July, was fatally defective, in that it failed to charge the commission of any offence against the law. The information which was brought on this complaint was filed the 14th of July. Finding the original complaint to be defective, the county attorney procured a second one, and it was filed the day after the information was filed, to wit, on the 15th of July. No new information was brought.

The motion in arrest of judgment should have been sustained, because the affidavit on which the information was based was fatally defective. This defect was not cured by filing a new complaint, simply; a new information should also have been brought on the new complaint. The complaint is a fundamental part of such prosecutions; the information is based upon and authorized by it. If the complaint is defective, the information cannot stand. *Davis* v. *The State*, 2 Texas Ct. App. 184.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*